IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff-Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-95-142-37 |
| § | CIVIL ACTION NO. H-06-66 |
| ELI RAMIREZ, § | |
| § | |
| Defendant-Movant § | |

**MEMORANDUM AND RECOMMENDATION GRANTING
RESPONDENT'S MOTION TO DISMISS, AND DENYING
MOVANT'S § 2255 MOTION TO VACATE, SET ASIDE
OR CORRECT SENTENCE**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Eli Ramirez's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 5586),[1] and Memorandum in Support of § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 5587), and the United States' Answer and Motion to Dismiss (Document No. 5625). After reviewing Movant's § 2255 Motion and Memorandum in Support, the Government's Answer and Motion to Dismiss, the record of the proceedings before the District Court in the underlying criminal case, and the applicable case law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss (Document No. 5625) be GRANTED, that Movant's Motion to Vacate, Set Aside, or Correct Sentence (Document No. 5586) be DENIED, and that this § 2255 proceeding be DISMISSED as time-barred.

---

[1] Eli Ramirez's Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in Civil Action H-00-66 and at Document No. 5586 in Criminal Action No. H-95-142. References hereafter will be to the Criminal Document numbers unless otherwise indicated.

## I.     Procedural History

Eli Ramirez ("Ramirez"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Ramirez's first attempt at § 2255 relief.

On October 10, 1996, Ramirez and seventy-eight co-defendants were charged in a 196 count sixth superseding Indictment, which arose out of a drug-trafficking organization headquartered in Starr County, Texas. (Document No. 19). The superceding indictment charged various defendants with narcotics distribution, money laundering, conspiracy to evade currency reporting requirements, failure to file tax forms, aiding and abetting the use of a communication facility, aiding and abetting travel in foreign and interstate commerce, conspiracy to travel in aid of a racketeering enterprise, conspiracy to obstruct justice, obstruction of justice, and continuing criminal enterprise. On May 14, 1999, Ramirez pleaded guilty to counts 129 and 130, pursuant to a written Fed. R. Crim. P. 11(e)(1)(B) plea agreement to:

> Count 130-possession with the intent to distribute and distribution of 100 kilograms or more of marijuana and Count 129-charging a violation of Title 18 U.S.C. 1956(a)(1)(A)(i). (Document No. 3278).

In addition, Ramirez waived his right to appeal his sentence or the manner in which was calculated. (Document No. 3278, ¶ 7 & 8). (Document No. 3277, Transcript of Rearraignment Hearing, Document No. 3692).

Prior to sentencing, a Pre-sentence Investigation Report ("PSR") was prepared (Document No. 3698 & Addendums to PSR, Document Nos. 3777, 3792), to which Ramirez filed written objections. (Document Nos. 3759, 4639). Pursuant to the PSR, Ramirez's sentence was calculated as follows: (1) In calculating Ramirez's base offense level, because Ramirez was held accountable for 3,195 kilograms of marijuana, pursuant to U.S.S.G. § 2D1.1(a)(3)(c)(3), Ramirez had a base

offense of 34.  (2) Because numerous firearms were found at the Damon stash house, which was used by Ramirez to store marijuana, pursuant to U.S.S.G. § 2D1.1(b)(1), his base offense level was increased by two levels.  (3) Because Ramirez occupied a leadership role in the offense, pursuant to U.S.S.G. § 3B1.1(c), his base offense level was increased by two levels.  (4) Because Ramirez attempted to obstruct justice by submitting a fictitious document to the United States Attorney's Office, pursuant to U.S.S.G. § 3C1.1, his base offense level was increased by two levels.  (5).  With an offense level of 40, and with a criminal history of category II, Ramirez had a guideline sentencing range of 324 months to 405 months. (Document No. 3698).  Following the preparation of the PSR, Ramirez moved to withdraw his guilty plea.  (Document Nos. 3760, 3763).

On April 26, 2000, Ramirez was sentenced to 240 months' imprisonment on count 129 and 324 months' imprisonment on count 130, the terms of imprisonment to run concurrent.  Also, the court ordered that Ramirez's federal sentence run consecutive to his unexpired imprisonment term in a Texas state case.  In addition, the court imposed a five year term of supervised release on count 130, and a three year term of supervised release on counts 129, with the terms of supervised release to be served concurrently.  The Court imposed a special assessment of $100.00, and a fine of $25,000.00.  (Document No. 3803, Transcript of Sentencing Hearing, Document No. 3905, p. 63-68).  Judgment was entered on May 5, 2000.  (Document No. 3811).

Thereafter, Ramirez appealed his conviction and sentence to the Fifth Circuit Court of Appeals.  On December 28, 2000, Ramirez moved to dismiss his appeal.  The Fifth Circuit granted Ramirez's Motion and his appeal was dismissed on January 4, 2001.  (Document No. 4097).  Ramirez did not file a petition for writ of certiorari with the United States Supreme Court.  The 90 day period for filing a petition for writ of certiorari with the Supreme Court expired on April 5, 2001.  SUP.CT.R.13 ("The time to file a petition for writ of certiorari runs from the date of entry of the

judgment or order sought to be reviewed.") As such, Ramirez's judgment and conviction became final on April 5, 2001, the ninetieth day on which Ramirez could have timely filed for review by the Supreme Court.

On January 6, 2006, Ramirez filed this § 2255 motion (Document No. 5586), and Memorandum in Support (Document No. 5587), asserting that his sentence was imposed in violation of in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). According to Ramirez, the Court used unconstitutional sentencing guidelines to enhance his sentence. The Government has answered and has moved to dismiss the instant action as time-barred. (Document No. 5625). This § 2255 proceeding is ripe for ruling.

## II. Discussion

A. Ramirez's § 2255 motion is time-barred

The United States argues that Ramirez's § 2255 Motion to Vacate, Set Aside or Correct Sentence should be dismissed because it is time barred. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted. With the enactment of AEDPA, 28 U.S.C. § 2255 specifically provides for a one-year statute of limitations:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

> Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Because Ramirez filed the instant motion after the effective date of AEDPA, the provisions of the statute apply.

Here, Ramirez's conviction became final of purposes of § 2255(1) on April 5, 2001, when the time for filing a petition for writ of certiorari expired. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case of which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."). The one-year limitation period began to run on April 5, 2001, the day his conviction became final, and expired one year later on April 5, 2002. Ramirez's § 2255 motion was filed on January 6, 2006, nearly three years and six months after the expiration of the one-year period. Under these circumstances, Ramirez's motion is untimely under § 2255(1), and is subject to dismissal absent a showing that an alternate date for commencement of the limitations period should be applied under § 2255(2)-(4) or that the limitations period should be equitably tolled.

None of the alternate provisions for the commencement of the limitations period applies. Ramirez has not alleged that he was in any way impeded from filing a timely § 2255 motion. Nor has Ramirez alleged a claim that is based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. Finally, Ramirez has not shown that the *facts* underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final.

As for the applicability of equitable tolling, rare and exceptional circumstances may warrant the application of equitable tolling principles to a late filed § 2255 motion to vacate, set aside or

correct sentence. *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir.1999), *cert. denied,* 529 U.S. 1057 (2000). In addition, the Fifth Circuit has approved of equitable tolling in very limited circumstances, "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Fierro v. Cockrell,* 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Coleman,* 184 F.3d at 402); *See also Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1999), *cert. denied*, 526 U.S. 1074 (1999) (Inconsistent ruling by the district court constituted exceptional circumstances which warranted the application of equitable tolling principles); *United States v. Patterson,* 211 F.3d 927 (5th Cir. 2000) (Rare and exceptional circumstances existed to warrant equitable tolling where the movant was under mistaken impression as to filing deadline, where that mistaken impression was furthered by the District Court); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (remanding case for rehearing on equitable tolling where the petitioner alleged "he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf"). In contrast, the Fifth Circuit has disapproved of the application of equitable tolling for circumstances which are "garden variety claims of excusable neglect." *Lockingbill v. Cockrell,* 293 F.3d 256, 265 (5th Cir. 2002).

Here, Ramirez has provided no basis for equitably tolling the statutory period of limitations. Given the absence of any facts in the record that would constitute a rare or exceptional circumstance, equitable tolling of the limitations period is not available.

B. Ramirez's claims are without merit

Even assuming that Ramirez's § 2255 was not subject to dismissal as being time-barred, his claims are without merit. Ramirez argues that the district court's sentencing determination is

contrary to the Supreme Court's decisions in *Blakely v. Washington*, 542 U.S. 296, 524 S. Ct. 2531 (2004) and *United States v. Booker,* 543 U.S. 220 (2005) because the Court, and not a jury, enhanced his sentence.  In *Blakely*, the Supreme Court invalidated the State of Washington's sentencing scheme, whereby a judge could possibly sentence a defendant to a punishment beyond a statutory range on the basis of judicially determined facts.  *Id.* at 2538.  In doing so, the Supreme Court applied the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2363 (2000), which requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  The Supreme Court in *Blakely* expressly declined to state whether its decision applied to the Federal Sentencing Guidelines.  *Id.*

The Supreme Court, in its intervening decision, *United States v. Booker,* extended its holding in *Blakely* to the Federal Sentencing Guidelines, and concluded that there was "no distinction of constitutional significance between the Federal Sentencing Guidelines" and the state sentencing scheme at issue in *Blakely* and, in keeping with its earlier decision in *Apprendi*, stated:  "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  *Id.,* 125 S.Ct. at 756. To remedy the guidelines' Sixth Amendment problem, the Supreme Court severed and excised 18 U.S.C. § 3553(b)(1), which required mandatory application of the guidelines.  *Id.* at 756-57, 765.  As a consequence, the guidelines are now advisory in all cases. *Id.* at 757.  Because *Blakely* and *Booker* were decided after Ramirez's conviction in the instant case became final, it must be determined as an initial matter whether *Blakely/Booker* should be retrospectively applied. The Supreme Court has not stated whether the rule announced in *Blakely* and *Booker* applies retroactively to cases on

collateral review.[2]  However, the Fifth Circuit addressed this issue as to initial § 2255 motions, and has concluded that *Booker* does not apply retroactively to initial § 2255 motion.  *United States v. Gentry,* 432 F.3d 600 (5th Cir. 2005). Because *Booker* does not apply retroactively in initial § 2255 proceedings, Ramirez is not entitled to relief in this proceeding on his *Blakely/Booker* claims.

**V.  Conclusion and Recommendation**

Based on the foregoing, and the conclusion that Ramirez's § 2255 motion was not timely filed and that equitable tolling is not available, and that no relief is available to Ramirez on his claims in any event, it is

RECOMMENDED that the Government's Motion to Dismiss (Document No. 5625) be GRANTED, and that Movant Eli Ramirez's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 5586) be DENIED, and that this § 2255 proceeding be DISMISSED as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.  Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D. Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal.  *Douglass v. United Services*

---

[2] The United States Supreme Court has granted *certiorari* in *Burton v. Waddington*, 142 Fed. Appx. 297 (9th Cir. 2005), *cert. granted*, 126 S.Ct. 2352 (June 5, 2006) and will address the issue of *Blakely* retroactivity.

*Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 21st day of July, 2006.

_____
Frances H. Stacy
United States Magistrate Judge